IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA L. STACHE,

    Plaintiff,

vs.

MID MON VALLEY TRANSIT AUTHORITY,

    Defendant.

Civil Action No. 19-1364

Magistrate Judge Dodge

## MEMORANDUM OPINION

Plaintiff Diana L. Stache brought this action against Defendant Mid Mon Valley Transit Authority ("MMVTA"), in which she asserts claims for breach of contract under Pennsylvania law, and age and disability discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), and the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12117 (ADA), respectively. These claims arise out of the termination of her employment by MMVTA on May 24, 2018.

In response to MMVTA's motion to dismiss (ECF No. 3), Plaintiff agreed to dismiss the breach of contract claim in Count I (ECF No. 12 at 3 n.1). The Court will treat this as a motion to amend the Complaint and grant it without requiring any further pleading. Due to the existence of genuine issues of material fact, the Court converted MMVTA's motion into a motion for summary judgment. MMVTA subsequently withdrew its motion with respect to the ADEA claim in Count II (ECF No. 28 at 1 n.1). Therefore, the only disputed issue before the Court at this time is MMVTA's partial motion for summary judgment with respect to the ADA claim in Count III of the Complaint on the ground that MMVTA has fewer than the minimum number of employees in order to be a covered employer under the statute. For the reasons that follow,

MMVTA's partial motion for summary judgment will be granted and Count III of the Complaint will be dismissed.

## I. Relevant Procedural History

Stache initially presented her claims to the Equal Employment Opportunity Commission ("EEOC"), which issued a Notice of Right to Sue Letter on July 24, 2019. She then filed an action on October 4, 2019 in the Court of Common Pleas of Washington County, Pennsylvania which Defendant removed to this Court based on the federal questions presented by the ADEA and ADA claims. The parties later consented to jurisdiction by a magistrate judge under 28 U.S.C. § 636(c).

On November 1, 2019, Defendant filed a motion to dismiss (ECF No. 3). After the parties submitted materials outside of the pleadings (ECF Nos. 12, 13), the Court entered an order on January 10, 2020 (ECF No. 14) converting the motion into a motion for summary judgment and allowing the parties a further opportunity to present evidence relating to the motion. This issue was fully briefed (ECF Nos. 18, 28, 30) and oral argument was held on March 5, 2020.

## II. Factual Background

Plaintiff was hired by MMVTA in 2012 as an Office Secretary and worked there until she was terminated on May 24, 2018. (Compl. ¶¶ 5-7.)[1] She asserts that she had an excellent working relationship with the prior Executive Director, the Board of Directors and staff. When a new Executive Director, Donna Weckoski, took over, however, Ms. Weckoski exhibited personal animosity toward her and created a hostile work environment that became progressively worse in 2017 and 2018. (*Id.* ¶¶ 13-17.) Among other things, Plaintiff alleges that Ms. Weckoski spoke to her and treated her in a derogatory, rude, offensive and inappropriate manner, isolated her from

---

[1] Notice of Removal (ECF No. 1) Ex. A.

the staff, human resources and the Board, discriminated against her based on her age (60) and disability (cancer), falsified her attendance records and performance reviews and violated and breached the duties and obligations owed to her under MMVTA's Policy and Procedures. (*Id.* ¶ 18.) Plaintiff alleges that this conduct was intentional and willful and that it harmed her professional relationships with the staff, human resources and the Board. (*Id.* ¶ 19.) Ultimately, she claims, she was unlawfully terminated.

## III. Discussion

### A. Standard of Review

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court of Appeals has held that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary

judgment even if no opposing evidentiary matter is presented." *Nat'l State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992).

In following this directive, a court must take the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005); *Doe v. County of Ctr., Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

B. Breach of Contract Claim

In Count I, Plaintiff alleged a claim of breach of contract based upon MMVTA's Personnel Policy and Procedures. MMVTA moved to dismiss this claim on the ground that it does not state a claim upon which relief can be granted. In response to the motion to dismiss, Plaintiff filed an Answer to Defendant's Motion to Dismiss in which she "requests leave of Court to Amend the Complaint to delete the Count for Breach of Contract and all references to breach of express contract and/or implied contract." (ECF No. 11 at 3; *see also* ECF No. 12 at 3 n.1.)

Courts have concluded that, because Rule 41(a) describes voluntary dismissal of an "action," it does not allow for piecemeal voluntary dismissals of less than all claims against any single defendant. "The proper procedural mechanism for dismissing less than all of the claims in an action is a motion to amend under Federal Rule of Civil Procedure 15(a)." *Chan v. Cty. of Lancaster*, 2013 WL 2412168, at *16 (E.D. Pa. June 4, 2013) (citation omitted).

Therefore, the Court will construe Plaintiff's Answer to the motion to dismiss, in relevant part, as a motion to amend the Complaint and will grant Plaintiff's request. The Complaint is hereby amended to delete the breach of contract claim in Count I and all references to breach of express contract and/or implied contract.

C. Plaintiff's ADA Claim

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A covered entity for purposes of this provision is defined as having "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). *See EEOC v. Grane Healthcare Co.*, 2 F. Supp. 3d 667, 686 (W.D. Pa. 2014).[2]

MMVTA asserts that because it employed fewer than fifteen employees, it is not a covered employer for purposes of the ADA. The ADA defines an "employee" as "an individual employed by an employer." 42 U.S.C. § 12111(4). The Supreme Court has stated that this definition is "completely circular and explains nothing." *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 444 (2003) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)). Accordingly, when such circular definitions are used for "employees," the Supreme Court has "concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Id.* at 445 (quoting *Darden*, 503 U.S. at 322-23).

---

[2] The ADEA has a similar provision, which states that an employer must have "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). However, the Supreme Court has held that this section does not apply to states or state agencies, *Mt. Lemmon Fire Dist. v. Guido*, 139 S.Ct. 22 (2018), and MMVTA has withdrawn its motion for summary judgment with respect to the ADEA claim based on the holding in this case. (ECF No. 28 at 1 n.1.)

In support of its assertion that it does not have the requisite number of employees to fall under the requirements of the ADA, MMVTA initially submitted the affidavit of its Executive Director, Ashley Seman (Altemare). Ms. Seman avers that based upon her personal knowledge and her review of MMVTA's employment records, MMVTA had six employees in 2016, six employees in 2017, five employees in 2018 and four employees in 2019. (Seman Aff. ¶¶ 1-7.)[3] This suggests that MMVTA does not have the requisite number of employees to be a covered employer under the ADA.

In turn, Plaintiff submitted her own affidavit, in which she asserts that although Ms. Seman's account is accurate, it fails to include the 20 to 30 employees of MV Transportation, who are contracted to work solely for MMVTA. (Stache Aff. ¶¶ 12-14.)[4] Plaintiff contends in her affidavit that:

> a. MMVTA controls when, where and how the workers perform the job. Defendant controls the scope and nature of the work of MV Transportation, and MV Transportation cannot act independently of MMVTA.
>
> b. MMVTA owns the buses for the workers. MMVTA also owns the building where the drivers report to work, where the buses are kept and maintained, and where maintenance is performed.
>
> c. The driving, maintenance and repair work are performed for MMVTA's buses and bus routes.
>
> d. There is a continuing relationship between MMVTA and workers.
>
> e. MMVTA controls the bus schedule and routes and has the right to assign additional work.
>
> f. MMVTA sets the hours of work and the duration of the job.
>
> g. MV Transportation pays the salaries of the workers from the money paid by MMVTA to MV Transportation.

---

[3] ECF No. 13 Ex. 1.
[4] ECF No.18.

h. The work performed by each worker is part of the regular business of MMVTA.

i. The workers are not engaged in their own separate and distinct business.

(*Id.* ¶ 15.)

Significantly, however, although Plaintiff states in her affidavit that her statements are based upon her personal knowledge, she does not identify how she is competent to make these statements and does not provide any factual basis for her personal knowledge. At oral argument, Plaintiff's counsel conceded that Plaintiff did not provide factual support for her statements. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

The *Darden* case sets forth a multiple factor common law agency test to determine if individuals are "employees" when a statute does not define the term. The factors are:

(1) the hiring party's right to control the manner and means by which the product is accomplished;

(2) the skill required;

(3) the source of the instrumentalities and tools;

(4) the location of the work;

(5) the duration of the relationship between the parties;

(6) whether the hiring party has the right to assign additional projects to the hired party;

(7) the extent of the hired party's discretion over when and how long to work;

(8) the method of payment;

(9) the hired party's role in hiring and paying assistants;

(10) whether the work is part of the regular business of the hiring party;

(11) whether the hiring party is in business;

(12) the provision of employee benefits; and

(13) the tax treatment of the hired party.

503 U.S. at 323-24 (citation omitted).

Applying the relevant factors to the undisputed facts in this case demonstrates that MT Transportation's workers are not employees of MMVTA. In a second affidavit filed in connection with MMVTA's sur-reply brief, Ms. Seman states, among other things, that: 1) in its contract with MMVTA, MV Transportation agreed to provide management and supervision, undertake day-to-day operations of all MMVTA vehicles, employ and supervise all personnel, administer training, drug and alcohol testing and safety programs, undertake all required maintenance, process all warranty claims, assist in public relations and promotions, prepare reports and provide information, provide and manage uniforms, and provide all equipment, parts and supplies; 2) the contract specifically provides that MV Transportation is an independent contractor and not an agent or servant of MMVTA; 3) MV Transportation handles all hiring and firing decisions, as well as the work hours of its employees; 4) MMVTA does not maintain workers' compensation insurance for MV Transportation employees; 5) MV Transportation leases all property from MMVTA and is responsible for any damage to it; and 6) MV Transportation is required to provide a significant amount of instrumentalities and tools that its employees need. (Seman Aff. II ¶¶ 6, 8, 14, 16-18, 20-29, 40 & Ex. A).

In addition, MMVTA provided the affidavit of MV Transportation's District Manager for Western Pennsylvania and Ohio, Marc Roncone. Based upon his personal knowledge and his

review of certain contracts, Mr. Roncone avers that MV Transportation is a privately-owned transportation company that contracts with a number of entities to provide transportation services, including MMVTA. (Roncone Aff. ¶¶ 3-6.)[5] Most of the employees of MV Transportation belong to a union and the collective bargaining agreement is between the union and MV Transportation; MMVTA is not a party to the CBA. (Roncone Aff. ¶¶ 42-45.) Mr. Roncone also corroborates the testimony of Ms. Seman regarding the relationship between the parties, the operations of MV Transportation and its role vis-à-vis its workers. (*Id.* ¶¶ 8-54.)

Plaintiff's affidavit does not create material issues of fact regarding the number of individuals employed by MMVTA. Some of the facts she cites are not relevant to the factors that the Court must consider in this regard (for example: MMVTA owns the buses; MV Transportation pays its workers with money paid to it by MMVTA; driving, maintenance and repair work "are performed" for MMVTA's buses and routes). With respect to other statements in her affidavit that may be relevant to this inquiry, Plaintiff has failed to demonstrate how, or if, she was in a position as the office secretary to possess the requisite knowledge about the relationship between MMVTA and MV Transportation.

By contrast, the affidavits of Ms. Seman, MMVTA's Executive Director, and Mr. Roncone, the District Manager of MV Transportation, are based in large measure on the actual terms of the contract between the entities. The contract clearly and unambiguously defines the parties' respective roles and responsibilities. Because Plaintiff has made no showing that these terms were revised, abrogated or otherwise not being followed, the contract and related facts in the affidavits submitted by MMVTA are dispositive here.

---

[5] ECF No. 29 Ex. 1.

Based upon its review of all of the evidence submitted by the parties, the Court concludes that no genuine issues of material fact exist regarding the number of employees of MMVTA. Plaintiff's attempt to portray the personnel of MV Transportation as MMVTA's employees is unavailing. Rather, applying the *Darden* factors compels the conclusion that the employees of MV Transportation are not employees of MMVTA as a matter of law. Not only does the contract between MMVTA and MV Transportation so state, but in addition, MV Transportation, a privately-owned company, employs, pays, supervises, disciplines and fires these employees, makes all hiring and firing decisions, oversees the daily operations of all MMVTA vehicles and provides uniforms, equipment, parts and supplies. MV Transportation leases all property from MMVTA. MV Transportation, not MMVTA, provides workers' compensation insurance for MV Transportation workers. Many of these workers are members of a union which has entered into a collective bargaining agreement with MV Transportation, not MMVTA. Simply put, the personnel who perform work for MV Transportation are its employees.

Because the employees of MV Transportation are not employees of MMVTA, MMVTA did not have more than fifteen employees during the relevant time period. Therefore, it is not a covered employer under the ADA. As such, Plaintiff cannot maintain an ADA claim against MMVTA, and MMVTA is entitled to judgment as a matter of law with respect to Count III.[6]

---

[6] In her Complaint and in some of her briefs, Plaintiff notes that MMVTA's Personnel Policy and Procedures manual explicitly states that its employees are protected by anti-discrimination statutes such as the ADA and ADEA. In her affidavit, she states that she was also informed orally that MMVTA was a covered employer. Therefore, she suggests, MMVTA is obligated to comply with these statutes. (Compl. ¶¶ 9-12 & Ex. 1; ECF No. 12 at 2 & Ex. 1; ECF No. 18 ¶¶ 2-5.) However, she cites no authority in support of this argument and as noted above, Plaintiff has withdrawn her breach of contract claim. At the oral argument, Plaintiff's counsel conceded that the contents of an employee handbook cannot be given greater weight than the provisions of the ADA for purposes of who is a covered employer.

## III. Conclusion

For all of these reasons, Plaintiff's request to amend the Complaint to withdraw Count I will be granted and MMVTA's partial motion for summary judgment as to Count III will be granted. An appropriate order follows.

Dated: March 26, 2020

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge